Vermont Superior Court
Filed 07/30/21
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 12-1-20 Wncv

---

**Brochu vs. Touchette**

---

# ENTRY REGARDING MOTION

Title:　　　　　Motion Miscellaneous; Motion Miscellaneous; Motion for Summary Judgment
Motion for leave to file motion for reconsideration and motion for enlargement of time to do so.;
Motion For: Supplemental motion in opposition to respondent's motion to dismiss.; Defendant
Touchette's Motion for Summary Judgment and Statement of Facts in Support; Exhibit List,
Exhibits 1-3; Certificate of Service (Motion: 6; 7; 9)
Filer:　　　　　Alfred Brochu; Alfred Brochu
Filed Date:　　April 05, 2021; May 11, 2021; May 26, 2021


Motion to reconsider granted.  Motion for Summary Judgment denied

*Brochu v. Touchette*, No. 12-1-20 Wncv


　　　　　Petitioner Alfred Brochu is a Vermont inmate in an out-of-state facility located in Tutwiler, Mississippi operated by CoreCivic.  In this case, he has sought to raise several claims relating to the conditions of his confinement.  Following prior motion practice, the court dismissed all but one claim—that paper grievance forms have not been made reasonably available to Mr. Brochu.  Mr. Brochu now seeks reconsideration of the dismissal decision, and the State has filed a summary judgment decision addressing the availability of the paper forms.


　　　　　Mr. Brochu's reconsideration motion is *granted*.  In the dismissal decision, at the State's urging, the court evaluated Vermont and CoreCivic grievance policies and interpreted the Vermont grievance policy to direct day-to-day conditions of confinement grievances, such as Mr. Brochu's property claim, to CoreCivic procedures.  Mr. Brochu had never asserted his dispossession of property claim under CoreCivic procedures, so the court dismissed that claim.


　　　　　Following dismissal of that claim, Mr. Brochu sought reconsideration, submitting with his briefing what appears to be an official CoreCivic policy directing Vermont inmates to direct all grievances

*to Vermont officials*.  Mr. Brochu offered no explanation for not having mentioned the policy previously.  In opposition to reconsideration, the State's response to that document is complete silence.

The State then addresses the grievance process question in the course of its summary judgment motion.  There, it appears to assert that it has always been the case that Vermont inmates in Mississippi exclusively use Vermont grievance policies, and Mississippi officials, as appropriate, either direct those grievances to Vermont officials for Vermont issues or Mississippi officials for Mississippi issues.  It submits for the first time a policy of the Vermont DOC generally describing that process.  It is thoroughly unclear whether Vermont inmates in Mississippi are aware of this process.  The State has offered no explanation whatsoever for having completely contradicted itself on this matter, for submitting the policy document that appears to be on point for the first time after it framed the litigation based on contrary representations, and it has never explained the document submitted by Mr. Brochu.  The State's showing has been incoherent.  Moreover, in this case, under the prior rulings of the court, it has been determined that Mr. Brochu's grievance included issues properly directed to Mississippi officials, and one issue (grievance form availability) properly directed to Vermont officials.  It does not appear that the Vermont issue ever was directed to Vermont officials before or after the court determined that it was a Vermont issue.  Nothing in the administrative treatment of Mr. Brochu's grievance accounts for any of this.

Mr. Brochu's property was seized as contraband, and he has sought to challenge that.  It had appeared clear that he had a post-deprivation process available (the CoreCivic property grievance procedure), and he had simply not taken advantage of it.  At this point, the record is so confused with regard to what process actually was available, if any, due to the State's repeated contradictions, that the court is unable to discern whether any clear grievance process responding to the seizure of Mr. Brochu's property was reasonably available to him—meaning that the process existed and he knew or should have known about it.  The matter has become more confused with each round of motions.  At this point, the court will resolve it on the evidence at a hearing on the merits.  The court rescinds so much of its dismissal decision as addresses this matter.

The State's summary judgment motion is *denied*.  The State has come forward with clear and detailed evidence that the paper grievance forms (whichever ones might apply) have always been reasonably available to Mr. Brochu, who the State asserts uses them frequently.  However, Mr. Brochu has simply alleged the opposite.  He alleges that they are usually never available and are only given out individually on request after protracted delays.  Mr. Brochu's contrary allegations are not as specific as desirable for summary judgment purposes, but the court concludes that this matter ultimately comes down to one of credibility, and the court cannot make credibility determinations on summary judgment.  See *Sabia v. Neville*, 165 Vt. 515, 523 (1996).

Other issues raised by the parties in briefing are closely related to the issues above and may be addressed at trial.

Order

For the foregoing reasons, Mr. Brochu's motion for reconsideration is granted. The State's motion for summary judgment is denied.

Robert R. Bent,
Judge